By the Court,

Bronson, Ch. J.
The defendant may be held to bail, of course, in the action of trover. (2 R. S. 348, § 7.) But it is said, that this law has been modified by the non-imprisonment act; and that now a defendant who received the property as a bailee, and might be sued on the contract of bailment, *184 can no longer be held to bail where the plaintiff elects to bring trover: that the cases for holding to bail in that action are those where the defendant either came to the possession of the property by finding, or took it tortiously. If there be such a distinction, it must be matter of positive law; for there is no principle upon which it can be maintained. The man who wrongfully converts to his own use the property which another has entrusted to his care, is chargeable with a deeper shade of moral guilt than the one who converts property which he has either found, or tortiously taken; for in addition to the wrongful appropriation of another man’s goods, which is common to all of the cases, the bailee is also guilty of a breach of trust.
Let us now see whether the non-imprisonment law reaches. the case. It provides, that no person shall be arrested or imprisoned on civil process, in any suit or proceeding instituted “ for the recovery of any damages for the non-performance of any contract.” (Stat. 1831, p. 396, § 1.) The bailor cannot sue in trover unless there has been a wrongful conversion of the property ; and when he does sue in that form, it is not to recover damages “ for the non-performance of any contract,” but to obtain redress for the tort. The contract of bailment may be given in evidence for the purpose of proving the plaintiff’s title, and showing that the property was in the possession of the defendant; but the contract is not the foundation of the action. It is true that the bailor may sue on the contract expressed in or implied from the bailment. But he may waive that remedy, and sue for the tort; and when that is done, I see nothing either in the non-imprisonment law, or the reason of the thing, which forbids that the defendant should be held to bail.
It is understood that the judge revoked the order to hold to bail on having his attention called to the case of Brown v. Treat, (1 Hill, 225,) which was not in his mind at the time the order was made. It must be admitted that the language of Co wen, J. in that case strongly favors the argument that the defendant cannot be held to bail where the original relation between the parties was that of bailor and bailee, and where the plaintiff might sue on the contract implied from the bailment. But the ' *185 case did not necessarily call for the decision of that question ; for there, in addition to a count in trover for the tort, the declaration contained two counts in assumpsit for a breach of the implied contract of the bailee. On this strange declaration, to which there was a plea of not guilty, the plaintiff had obtained a verdict and judgment, and issued a ca. sa. on which the defendant was arrested, The plaintiff had recovered upon all of the counts ; and it was enough to say, that where the bailor sues upon the contract—although there may be a misjoinder of other counts—the bailee cannot be imprisoned on the judgment. It was on that ground that the defendant was discharged from the arrest; and Brown v. Treat, like other cases, should only be considered as settling the question which was necessarily presented for adjudication.
There is another plain distinction between that case and the one now before us. There, the action was between the original parties to the bailment, and the plaintiff might have sued on the contract. But it is not so here. The plaintiffs purchased the property after the defendants had received it in store from Me-. Kay, and they could not sue in their own names on the contract of bailment. The only injury which they have sustained is the wrongful conversion of the property, and their only remedy is an action sounding in tort. As between these parties, I do not see how the case can be distinguished from any other action of trover.
But it is not necessary to rest the case upon this distinction. We think it should be put upon the broader ground, that wherever there has been a wrongful conversion of the goods, for which trover will lie, the defendant may be held to bail, in whatever way the property came to his possession.
. The result is, that the motion of the plaintiffs must be granted; and that of the defendants denied.
Ordered accordingly.